Hollingsworth, Executor, vs. Wilson et al.

No. 23.

J. M. HOLLINGSWORTH, EXECUTOR, VS. JAMES WILSON ET AL.

A. sold an immovable to B. in 1845, and sold the same property again to C. in 1850. The sale to B. was not recorded: that to C. was recorded in 1850. But B. sold to D. in 1848, and that sale was recorded in 1848. HELD that D.'s title must prevail against that of C.

*Per Curiam.* This has become a rule of property in this State, which should not be disturbed.

Previous Decisions in 1st, 4th, 5th, 6th and 7th Annual, re-affirmed.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor,* J.

Wise & Herndon for Plaintiff and Appellant.

First—A sale has no effect against third parties, until recorded in the parish where the property is situated. Knowledge is not equivalent to registry. 21 A. 426 ; 26 A. 584 ; 29 A. 315 ; 28 A. 375.

Second—An unregistered private act, though with possession, has no effect against *bona fide* purchasers without notice. The vendee's *laches,* in not registering his title, descend to those who claim under him. Purchasers in good faith are not bound to search the public records indiscriminately and inspect every act registered to ascertain if some person other than the vendor, who has the latest recorded title, had alienated the land. Slidell's opinion in Stockton vs. Briscoe, 1 A. 249 ; 7 A. 454.

Third—The sale of immovables under private signature shall have effect against third persons only from the day such sale was registered according to law, and actual delivery of the thing sold. C. C. 2442.

Alexander & Blanchard, and T. F. Bell for Defendants and Appellees.

In a contest for the ownership of an immovable, each party, holding in good faith and under title, just and translative of property—traceable to a common author—he must prevail who can trace his title to the oldest recorded deed, and such tenure cannot be defeated on the ground that an anterior conveyance of the same property may not have been recorded. 1 An. 249 ; 4 An. 267 ; 5 An. 677 ; 6 An. 773 ; 7 An. 454.

Possession passes to the vendee of an immovable by the authentic act of sale. C. C. 2479.

A private act once registered in the recorder's office becomes authentic, giving notice to creditors and third persons. 25 An. 112.

The opinion of the Court was delivered by

FENNER, J. This case presents no dispute as to facts, and involves a single question of law.

Hollingsworth, Executor, vs. Wilson et al.

It is a contest for the ownership of an immovable between parties, each of whom is in good faith, and presents a title just and translative of property and traceable to a common author. Marks, the common author, sold to J. M. Gilmer in 1845, and again sold to Marshall in 1850. The title to Gilmer was not recorded until 1854, while that to Marshall was recorded in 1850 ; but in 1848 Gilmer sold to J. B. Gilmer, whose title was recorded in 1848, two years before the sale to Marshall.

Plaintiff claims under the Marshall title, defendants under the Gilmer title.

The title of defendants must prevail. They are possessors in good faith, under a chain of duly registered titles running back to 1848, two years prior to the sale to Marshall, and their title cannot be affected by the non-registry of an anterior conveyance. The question is not an open one. It has been settled by five decisions of this Court, the last of which was rendered in 1852. 1 A. 249 ; 4 A. 267 ; 5 A. 677 ; 6 A. 773 ; 7 A. 454.

Since that date we have found, and have been referred to, no case in which the doctrine thus settled has been questioned. There has been no change in the law affecting the subject. Mr. Justice Slidell dissented in the above cases, and his opinions display his usual vigor and ability, and if the question was open, we would give them great consideration. But this is one of a class of cases to which the doctrine of " stare decisis " is specially applicable. It involves a rule of property affecting the conduct of men in their dealings ; and when such a rule has been adopted, and long adhered to by the courts, even though founded on doubtful principle, the maxim applies—" omnis innovatio plus novitate perturbat quam utilitate prodest."

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's cost.